IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 24, 2024

## EMILY GORDON FOX v. ROBERT GORDON[1]

**Appeal from the Circuit Court for Davidson County**
**No. 21A46    Stanley A. Kweller, Judge**

___

**No. M2024-01083-COA-T10B-CV**

___

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B section 2.02 from the trial court's denial of a motion for recusal. Having reviewed the petition for recusal appeal, we affirm the trial court's decision to deny the motion for recusal.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal;**
**Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Robert Cole Gordon, Franklin, Tennessee, pro se.

Emily Moore Leininger, Franklin, Tennessee, for the appellees, Randy Fox and Emily Paige Gordon.

## OPINION

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. *See Elseroad v. Cook*, 553 S.W.3d 460, 467 (Tenn. Ct. App. 2018). Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. *See* Tenn. Sup. Ct. R. 10B, § 2.02.

___

[1] This is the caption as stated by Petitioner in his petition for accelerated appeal; however, the caption as stated in the trial court is: *In the matter of K.A.G.: Randy Lee Fox, Step-Father, and Emily Paige Gordon, Biological Mother v. Robert Cole Gordon, Biological Father*. Nevertheless, the partially incorrect caption does not affect the merits of this case.

"To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed . . . within twenty-one days of the trial court's entry of the order."[2] Tenn. Sup. Ct. R. 10B, § 2.02. On July 22, 2024, Robert Cole Gordon ("Petitioner") filed a petition for recusal appeal seeking to overturn the decision by Judge Stanley Kweller denying his motion for recusal, which order was entered on July 12, 2024. Thus, the petiton for recusal appeal was filed timely.

Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "'De novo' is defined as 'anew, afresh, a second time.'" *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary*, 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B section 2.06 also grants this court the discretion to decide the appeal without oral argument. Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B sections 2.05 and 2.06.

### ANALYSIS

Section 1.01 of Rule 10B specifies the manner by which a motion for recusal is to be presented to the trial court:

> Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

We will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court. *See Malone v. Malone*, No.

---

[2] "[T]he time period for filing a petition for recusal appeal is jurisdictional and cannot be extended by this Court." *Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *2 (Tenn. Ct. App. July 28, 2020) (citing Tenn. Sup. Ct. R. 10B, § 2.08).

W2023-00843-COA-T10B-CV, 2023 WL 8457951, at *14 (Tenn. Ct. App. Dec. 6, 2023); *see also McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *6 n.3 (Tenn. Ct. App. Feb. 11, 2014). Stated another way, the allegations must first be presented to the trial judge in a motion for recusal. *See id.*

"The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015)); *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)).

"A motion to recuse should be granted when judges have any doubt about their ability to preside impartially in a case or when 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).

Petitioner's motion for recusal begins with a two-paragraph summary of the grounds for disqualification. It reads, in pertinent part:

1. During the course of these proceedings Judge Kweller, this court, has violated local rules, civil rules, and state/federal laws.

2. Mr. Gordon seeks disqualification due to constitutional statutory incompetence, specifically to the Indian Child Welfare Act. Furthermore, it is obvious that Stanley Kweller has a strong personal bias or prejudice towards all Native Americans and Mr. Gordon along with the Choctaw Nation. This court's impartiality is obvious by his rulings, rants, and ridiculous false statements on the record.

Petitioner's motion is supported by an affidavit that is consistent with the foregoing general allegations.

Judge Kweller denied Petitioner's motion for recusal on two principal grounds. One, the motion was untimely. Two, it is based on allegations that bias should be presumed from numerous adverse rulings against Petitioner.

I.

As for the timeliness of the filing of the motion, Judge Kweller noted that Petitioner did not file his motion for recusal until months after the trial concluded yet most of the allegations of bias pertain to matters that occurred prior to the commencement of the trial. Specifically, Judge Kweller noted that this case was tried over two days. It commenced on April 10, 2024, and concluded on April 24, 2024. The motion for recusal was not filed until July 9, 2024.

Rule 10B states that a motion for recusal "shall be filed no later than ten days **before** trial, absent a showing of good cause which must be supported by an affidavit." Tenn. S. Ct. R. 10B, Section 1.01 (emphasis added). The motion was filed three months after the trial started; thus, the motion was untimely. Further, having reviewed Petitioner's motion, affidavit, and supporting documents, we conclude that Petitioner failed to show good cause for the delay. *See id.* Accordingly, Judge Kweller did not err by denying the motion for recusal based on the fact the motion was untimely.

II.

For completeness, we shall also address the second basis for Petitioner's recusal motion, that bias should be presumed from numerous adverse rulings against Petitioner.

"[T]he mere fact that a judge has ruled adversely to a party . . . is not grounds for recusal." *Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Slavin*, 145 S.W.3d 538, 548 (Tenn. 2004) (quoting *Davis*, 38 S.W.3d at 564–65). Even rulings that are "erroneous, numerous and continuous, do not, without more, justify disqualification." *Boren*, 557 S.W.3d at 549. The foregoing notwithstanding, we acknowledge that, in rare situations, "the cumulative effect of the 'repeated misapplication of fundamental, rudimentary legal principles that favor[] [one party] substantively and procedurally' can be the basis for recusal." *Id.* at 551 (quoting *Krohn v. Krohn*, No. M2015-01280-COA-T10B-CV, 2015 WL 5772549, at *7 (Tenn. Ct. App. Sept. 22, 2015)).

A motion for recusal must state, with specificity, all factual and legal grounds supporting disqualification of the judge. *See* Section 1.01 of Rule 10B. While Petitioner makes numerous generalized allegations of bias, many of which allege generally that Judge Kweller is biased against him because he is a member of the Choctaw Nation, Petitioner failed to provide specific facts to support such generalized allegations other than identifying adverse rulings. While Judge Kweller denied making any false or malicious statements about Petitioner, his family, or his heritage, he acknowledged that he found Petitioner was not a credible person, noting that this finding was based on his consideration of the proof in the case, meaning his ruling was based on events occurring during the litigation of this case.

- 4 -

As this court has previously noted, "if the bias is alleged to stem from events occurring in the course of the litigation, the party seeking recusal has a greater burden to show bias that would require recusal, *i.e.*, that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *Malone*, WL 8457951, at *12 (quoting *McKenzie*, 2014 WL 575908, at *3). Here, Petitioner has failed to overcome that greater burden.

Petitioner alleged that Judge Kweller violated federal law because he failed to follow the Indian Child Welfare Act, 25 U.S.C.A. § 1911(b), and the Indian Family Doctrine. In his rulings on these issues, Judge Kweller noted that for the Act to apply, the child and his parents must have a significant social, political, and cultural relationship to their tribal culture, which did not exist in this case. Thus, the basis of this allegation is that Judge Kweller made erroneous rulings as a matter of law, which standing alone is not sufficient. *See Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Slavin*, 145 S.W.3d at 548.

Petitioner also alleged that Judge Kweller violated state law and a local rule by not assuring that the case was tried within six months, as provided in Tennessee Code Annotated § 36-1-113(K),[3] or within twelve months as stated in Local Rule 18. Judge Kweller responded to this specific allegation with several specific findings. For example, Judge Kweller noted in his order denying the recusal motion that he issued two default judgments against Petitioner "for his failure to participate (cause delay) in the litigation." Judge Kweller also stated that Petitioner "refused to provide discovery and failed to show up for his deposition, both of which contributed to trial delays and the second default judgment against him." Judge Kweller also stated that Petitioner had three different attorneys represent him at different phases of the litigation, and "each change in counsel caused a delay in the litigation."

We also find that Petitioner has failed to present an argument, supported by relevant authority and facts, to show that any of the challenged rulings by Judge Kweller are the result of misapplications of fundamental, rudimentary legal principles. *See Boren*, 557 S.W.3d at 551. In fact, he has failed to present a meritorious argument to establish that any of the challenged rulings are even erroneous.

Petitioner also contended that he was indigent, which entitled him to appointed counsel, yet Judge Kweller revealed a bias against him by failing to appoint counsel to represent Petitioner in defending the petition to terminate his parental rights. In his order denying the recusal motion, Judge Kweller noted that Petitioner completed an indigency affidavit at the court's request and Petitioner stated that he earned "$250,000 on Leave of Absence 12 months." Judge Kweller also noted that Petitioner listed an automobile as an asset valued at $85,000. Further, Petitioner was placed under oath and questioned about his

---

[3] The underlying action is a petition to terminate Petitioner's parental rights to his child, K.A.G. The plaintiffs/petitoners are Emily Paige Gordon, the child's biological mother, and Randy Lee Fox, the child's stepfather.

affidavit, and based on the affidavit and Petitioner's testimony, Judge Kweller found that Petitioner was not indigent. Judge Kweller also noted that Petitioner successfully retained three different attorneys during various stages of the trial court proceedings to represent him, clearly indicating that he was not indigent.

Thus, Judge Kweller did not err by denying the motion for recusal based on the above allegations.

III.

For the foregoing reasons, we find no basis upon which to conclude that a person of ordinary prudence in Judge Kweller's position, knowing all of the facts known to him, would find a reasonable basis for questioning his impartiality. *See Davis*, 38 S.W.3d at 564; Tenn. Sup. Ct. R. 10, RJC 2.11(A). Accordingly, we affirm the decision to deny the motion for recusal.

**IN CONCLUSION**

The decision by Judge Kweller to deny the motion for recusal is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Robert Cole Gordon, for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.